IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HOLLY FISHER,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )        No. CIV-12-853-C
                                       )
NATIONAL PROGRESSIVE, INC.             )
d/b/a BEST-1 TRUCKING; GERARDO         )
BEDOLLA; VIDA CORPORATION;             )
J.B. HUNT TRANSPORT, INC.; and         )
JMTT, INC.,                            )
                                       )
                    Defendants.        )

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of Defendant National Progressive, Inc. d/b/a Best-1

Trucking for Partial Summary Judgment on the Issues of Negligent Hiring, Training,

Supervision, Retention and Entrustment (Dkt. 185).  Plaintiff filed a Response (Dkt. No.

194), and Defendant did not reply.  The motion is now at issue.

## I.  BACKGROUND

This cause of action arises out of a motor vehicle collision on March 30, 2012,

between a tractor trailer involved in interstate commerce and Plaintiff's Ford Explorer.

Defendant Gerardo Bedolla, the driver of the tractor trailer, was transporting a shipment of

electronics from Rhode Island to California when he pulled the truck onto the right-hand

shoulder of westbound Interstate-40 and came to a stop near Sayre, Oklahoma.  Shortly after

Bedolla merged back onto the highway, Plaintiff collided with the rear of the trailer.  Plaintiff

alleges Bedolla's negligent driving caused the collision.  Bedolla was an independent

contractor of Defendant National Progressive, Inc. d/b/a Best-1 Trucking ("NPI"). NPI has stipulated that Bedolla was an employee of NPI who was acting within the course and scope of his employment at the time of the collision.

## II.  STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).  A fact is material if it affects the disposition of the substantive claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat. Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).  When considering a motion for summary judgment, a court must "'view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'"  Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000) (quoting Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999), abrogated on other grounds by Eisenhour v. Weber Cnty, 739 F.3d 496 (10th Cir. 2013)).

<u>III.  ANALYSIS</u>

Defendant argues the Court must grant partial summary judgment in its favor because Oklahoma law forecloses claims of negligent hiring, training, supervision, retention, and entrustment against a defendant who has stipulated to potential liability under the doctrine of respondeat superior.

The Oklahoma Supreme Court has held that "the negligent-hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing altercation occurred."  <u>Jordan v. Cates</u>, 1997 OK 9, ¶ 1, 935 P.2d 289, 291.  Defendant NIP has stipulated that Defendant Bedolla was its employee and that Defendant Bedolla was acting within the course and scope of his employment with NIP at the time of the collision.  (Def.'s Br., Dkt. No. 185, at 2.)  Under Oklahoma law, where a defendant stipulates to vicarious liability "any other theory for imposing liability on the employer [is] unnecessary and superfluous."  <u>Jordan,</u> 1997 OK 9, ¶ 16, 935 P.2d at 293.

Plaintiff argues that case law established after <u>Jordan</u> is unclear and that <u>Jordan</u> only forecloses direct liability claims against an employer where the employee committed an intentional tort.  The Court finds neither argument persuasive.  <u>Jordan</u> set a clear precedent for courts to follow, and the Oklahoma Supreme Court reiterated its ruling two years later.  <u>See</u> <u>N.H. v. Presbyterian Church (U.S.A.)</u>, 1999 OK 88, ¶ 20, 998 P.2d 592, 600 ("Employers may be held liable for negligence in hiring, supervising or retaining an employee. . . .  In Oklahoma, the theory of recovery is available if vicarious liability is not

established.").  Furthermore, a determination that Oklahoma law forecloses Plaintiff's direct liability claims "is supported by the majority of authorities addressing the issue under Oklahoma law." Avery v. Roadrunner Transp. Servs., Inc., No. CIV-11-1203-D, 2012 WL 6016899, *3 (W.D. Okla. Dec. 3, 2012) (citing Johnny v. Bornowski, No. 10-04008-CV-FJG, 2012 WL 13723, *2 (W.D. Mo. Jan. 4, 2012); Dowuona-Hammond v. Integris Health, No. CIV-10-965-C, 2011 WL 134923, *3 (W.D. Okla. Jan. 14, 2011); Landreville v. Joe Brown Co., Inc., No. CIV-08-171-KEW, 2009 WL 1437801, *3 (E.D. Okla. May 21, 2009); Aldridge v. Indian Elec. Co-op., No. 07-CV-633-HDC-PJC, 2008 WL 1777480, *8 (N.D. Okla. Apr. 17, 2008)).  This Court already has rejected Plaintiff's argument that Jordan is limited to claims based on employees' intentional torts.  See Avery, No. CIV-11-1203-D, 2012 WL 6016899, *3 ("Jordan is not limited to cases involving intentional torts."); see also Bryson v. Sierra Metals, Inc., No. CIV-12-839-C, 2013 WL 1397826, *1 (W.D. Okla. Mar. 25, 2013) (describing the distinction as "artificial").

Because Defendant NPI has stipulated to vicarious liability, Plaintiff's claims of negligent hiring, training, retention, supervision, and entrustment cannot prevail under Oklahoma law.

## IV. CONCLUSION

Accordingly, the Court GRANTS the Motion of National Progressive, d/b/a Best-1 Trucking for Partial Summary Judgment on the Issues of Negligent Hiring, Training, Supervision, Retention and Entrustment (Dkt. No. 185).

IT IS SO ORDERED this 29th day of December, 2014.

ROBIN J. CAUTHRON
United States District Judge