IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOLLY FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-12-853-C |
| | ) | |
| NATIONAL PROGRESSIVE, INC. | ) | |
| d/b/a Best-1 TRUCKING; GERARDO | ) | |
| BEDOLLA; VIDA CORPORATION; | ) | |
| J.B. HUNT TRANSPORT, INC.; and | ) | |
| JMTT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment by Defendant Vida Corporation ("Vida") (Dkt. 187), filed on November 3, 2014. Plaintiff filed a Response (Dkt. No. 208) on December 4, 2014. The Court then ordered Plaintiff to file an amended response, which Plaintiff filed on December 22, 2014 (Dkt. No. 228). Defendant[1] has replied (Dkt. No. 218). The motion is at issue.

I. BACKGROUND

This cause of action arises out of a motor vehicle collision on March 30, 2012, between Plaintiff and a tractor trailer involved in interstate commerce. Gerardo Bedolla, the driver of the tractor trailer, was an employee of National Progressive, Inc. ("NPI") doing business as Best-1 Trucking ("Best-1"). The tractor and trailer involved in the collision were owned by and leased from Defendant. A more detailed depiction of the facts is provided in

---
[1] In this Order, "Defendant" refers to Defendant Vida.

the Court's Order (Dkt. No. 290) granting JMTT, Inc.'s Motion for Summary Judgment (Dkt. No. 184).

## II. STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). If the movant satisfactorily demonstrates an absence of a genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

(quoting First Nat'l Bk. of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).  When considering a motion for summary judgment, a court must "'view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'" Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000) (quoting Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999), abrogated on other grounds by Eisenhour v. Weber Cnty., 739 F.3d 496 (10th Cir. 2013)).  If the Court determines that a state law claim is preempted, "summary judgment is appropriate as to that claim."  Guinn v. Great W. Cas. Co., No. CIV-09-1198-D, 2010 WL 4811042, at *2 (W.D. Okla. Nov. 19, 2010) (citing Allison v. UNUM Life Ins. Co. of Am., 381 F.3d 1015, 1025 (10th Cir. 2004)).

## III.  ANALYSIS

### A.  The Graves Amendment

Defendant argues the Court should grant summary judgment in its favor because 49 U.S.C. § 30106 preempts any state law that would impose vicarious liability on Vida as the lessor.  49 U.S.C. § 30106, also called the Graves Amendment, states:

> (a) An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
> (1)   the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2)   there is no negligence or criminal wrongdoing on the part of the owner (or affiliate of the owner).

3

Based on the plain language of the Graves Amendment, "Vida Corporation cannot be held liable for Plaintiff's injuries on a vicarious basis, solely because it owned the tractor-trailer involved in the accident." (Order, Dkt. No. 93, at 2.)[2] However, the Graves Amendment does not absolutely shield a lessor from all potential liability. Section 30106(a)(2) is a "savings clause" that permits lessor liability based on the negligence or criminal wrongdoing of the lessor's affiliate. Plaintiff argues Defendant is liable because Defendant waived the defense when it failed to raise preemption in its Answer (Dkt. No. 106) to Plaintiff's Fourth Amended Complaint (Dkt. No. 104). Plaintiff further argues that even if the Graves Amendment applies, Defendant is liable under the savings clause for the negligent actions of its affiliate, Defendant Best-1.[3] The Court will first determine whether Defendant has waived the defense of preemption.

Fed. R. Civ. P. 8(c) requires a party to "affirmatively state any avoidance or affirmative defense" when responding to a pleading. Preemption is an affirmativedefense. PLIVA, Inc. v. Mensing, ___ U.S. ___, 131 S. Ct. 2567, 2587 (2011); Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1204 (10th Cir. 2012). Although

---

[2] Defendant raised this defense of preemption in a Motion to Dismiss Third Amended Complaint (Dkt. No. 81), filed on September 27, 2013. The Court ultimately denied the motion, finding the allegations in the Third Amended Complaint (Dkt. No. 104) plausibly supported either a claim that Vida was liable based on the negligence of its affiliate or that Vida negligently entrusted the vehicle to either Best-1 or Bedolla, the driver.

[3] Plaintiff also argues that Defendant and JMTT, Inc., are affiliates and that Defendant is liable for JMTT, Inc.'s negligence. On December 31, 2014, the Court granted summary judgment in favor of JMTT, Inc., finding Plaintiff's negligence claim against JMTT, Inc., "must fail as a matter of law." (Order, Dkt. No. 290, at 7.) Thus, the Court will focus only on Plaintiff's claims regarding the affiliation of Best-1.

"[t]he general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings," the Tenth Circuit has cautioned courts to "'avoid hypertechnicality in pleading requirements.'" Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1076 (10th Cir. 2009) (quoting Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).

> Rule 8(c)'s ultimate purpose is
> > simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.

Id. The purpose is to provide the opposing party with notice and the opportunity to argue against imposition of the defense. See Ahmad v. Furlong, 435 F.3d 1196, 1201 (10th Cir. 2006) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971)). The Tenth Circuit has allowed a party to raise an affirmative defense in a motion for summary judgment. See Smith v. Spain, Case No. 96-2164, 1998 WL 4358, *1 (10th Cir. Jan. 8, 1998); see also Johnston v. Davis Sec., Inc., 217 F. Supp. 2d 1224, 1227 (D. Utah 2002) (relying on Spain to allow the defendant to raise the affirmative defense of preemption in a motion for summary judgment). In the instant case, Defendant raised this defense of preemption in its Motion to Dismiss Third Amended Complaint (Dkt. 81). See supra, n.1. Defendant's motion provided Plaintiff with notice of the preemption defense more than one year before the discovery deadline of November 1, 2014, and the trial date of January 13,

5

2015. Plaintiff has had adequate opportunity to prepare to litigate this issue and to respond to the Motion for Summary Judgment at issue. Thus, Plaintiff is not prejudiced by Defendant's failure to raise preemption as a defense in its Answer. See Creative Consumer Concepts, Inc., 563 F.3d at 1076; see also Johnston, 217 F. Supp. 2d at 1227. The Court finds that the purpose of the Federal Rules is better served by ruling that Defendant has not waived the defense of preemption. See Creative Consumer Concepts, Inc., 563 F.3d at 1077 (quoting State Distribs., Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 411 (10th Cir. 1984)) ("In the end, 'the purpose of the federal rules is to provide the maximum opportunity for each claim to be decided on the merits rather than on the basis of procedural factors.'").

The Court must now consider Plaintiff's argument that Defendant is liable under the Graves Amendment's "savings clause" for any potential liability of its alleged affiliate Best-1. Best-1 has stipulated that it is vicariously liable for any potential negligence of its driver, Bedolla, under the doctrine of *respondeat superior*. (See Order, Dkt. No. 267.) Defendant argues it has no affiliates. The Graves Amendment defines "affiliate" as "a person other than the owner that directly or indirectly controls, is controlled by, or is under common control with the owner." 49 U.S.C. § 30106(d). "[T]he term 'control' means the power to direct the management and policies of a person whether through ownership of voting securities or otherwise." Id. The Court was able to find only five federal cases that address the issue of whether an affiliation exists under 49 U.S.C. § 30106(d). Guinn v. Great W. Cas. Co., No. CIV-09-1198-D, 2010 WL 4811042, at *8 (W.D. Okla. Nov. 19, 2010) (granting the defendant's motion for summary judgment and finding that there was "no evidence that one

of these entities controlled the other, or that they were subject to common control, as required by the statute"); Askew v. R & L Transfer, Inc., 676 F. Supp. 2d 1298, 1304-05 (M.D. Ala. 2009) (denying in part a motion for summary judgment because the plaintiff presented a genuine issue of material fact as to whether the companies were "so intertwined under Alabama law to be essentially one"); Adams v. Jones Paint & Glass, Inc., No. 11-CV-262-F, 2012 WL 8749215, at *5-6 (D. Wyo. June 6, 2012) (denying in part summary judgment because the plaintiff's evidence—that the companies were actually the same company, that they had the same principals, that they shared the same principal place of business with no separate offices, and that one of the companies had no employees—was sufficient to raise a genuine dispute of material fact); Stratton v. Wallace, No. 11-CV-74-A (HKS), 2014 WL 3809479, at *2 (W.D.N.Y. Aug. 1, 2014) (finding defendants Great River and Mills were "unquestionably" affiliates because Midwest Holding Group was the sole member of Great River and the sole shareholder of Mills); Layton v. Russell, No. 1:13-cv-325, 2014 WL 2949370, at *4 (W.D. Mich. June 30, 2014) (finding two LLCs were affiliates because both shared the same managers and both were subsidiaries of, and under common control of, Enterprise Holdings, Inc., which had the power to direct the management and policies of the two LLCs). In the instant case, Defendant provides evidence that Melody Pan is the sole owner of Vida and that Tony Hsu is the sole owner of Best-1. Pan and Hsu are married. Plaintiff argues Hsu and Pan "jointly own and control—'*directly or indirectly . . . whether through ownership of voting securities or otherwise*'"—Vida and Best-1. In support, Plaintiff provides the following evidence: Vida and Best-1 jointly own community property

7

under Cal. Fam. Code § 760; Hsu's e-mail address is VidaCorp1@yahoo.com; Vida and Best-1 share a single lease and a building; Vida has no insurance on the trucks it owns; Vida has no employees who are licensed to drive the trucks Vida owns; Best-1 has the insurance and the drivers; Vida and Best-1 jointly monitor the trucks and trailers with GPS; and the "load confirmation" document for the shipment Bedolla was driving was sent to Best-1 and labeled "ATTENTION: Melody King."[4] The Court finds this evidence sufficient to raise a genuine dispute as to whether Vida and Best-1 are affiliates.

---

[4] The parties do not dispute that Melody King refers to Melody Pan.

The Court also must address Defendant's argument that 49 U.S.C. § 30106(d) is akin to Oklahoma's legal standard for piercing the corporate veil.[5] Defendant argues that the evidence cannot create a genuine issue of material fact as to whether Best-1 is Vida's affiliate because Plaintiff has not shown that Vida and Best-1 disregarded corporate formalities or that Best-1 was undercapitalized. Defendant's assertion that state law governs this issue is incorrect. Of the five courts addressing the issue of affiliation, only Askew addresses 49 U.S.C. § 30106(d) in terms of piercing the corporate veil, holding that "Congress wrote into the Graves Amendment what is essentially a mechanism for determining when an owner's and an affiliate's business structures (be they corporate or otherwise) will be disregarded or pierced and the two will be treated as one." Askew, 676 F. Supp. 2d at 1305. However, the court in Askew did not apply state law, as Defendant seeks to do in the instant case; the court applied the plain language of the statute. Id. ("[T]he plain language of the statute ensures that companies that rent vehicles to others (including perhaps even their affiliates) are protected from liability but only if there is no negligence on their part or on the part of an affiliate *if* the affiliate meets the amendment's strict definition of 'a person other than the owner that directly or indirectly controls, is controlled by, or is under common control with the owner.'") Federal law, not state law, governs the standard for determining whether an

---

[5] Under Oklahoma law, "[i]f one corporation is but an instrumentality or agent of another, corporate distinctions must be disregarded and the two separate entities must be treated as one." Frazier v. Bryan Mem'l Hosp. Auth., 1989 OK 73, ¶ 16, 775 P.2d 281, 288. In determining whether to pierce the corporate veil, Oklahoma courts may consider several factors, including whether "the subordinate corporation is grossly undercapitalized," and whether "legal formalities for keeping the entities separate and independent are observed." Frazier, 1989 OK 73, ¶ 17, 775 P.2d at 288.

9

affiliation as defined by the Graves Amendment exists. See id. (citing Piercing the Corporate Law Veil: The Alter Ego Doctrine Under Federal Common Law, 95 Harv. L. Rev. 853, 856 (1982)) ("'[W]hen Congress has enacted particular statutory guidelines for going behind the corporate structure . . . courts must defer to the congressional will.'"); see also Anderson v. Abbott, 321 U.S. 349, 365 (1944) ("The policy underlying a federal statute may not be defeated by such an assertion of state power. . . . [N]o state may endow its corporate creatures with the power to place themselves above the Congress of the United States and defeat the federal policy . . . which Congress has announced.")

Based on the reasoning above, the Court denies Defendant's Motion for Summary Judgment (Dkt. No. 187) as to this issue.

B. Negligent Entrustment

Plaintiff argues the evidence is sufficient to support both a claim that Vida negligently entrusted a vehicle to Bedolla and a claim that Vida negligently entrusted a vehicle to Best-1. Defendant first argues the Graves Amendment bars Plaintiff's negligent entrustment claims. In a prior Order (Dkt. No. 93) denying Defendant's Motion to Dismiss (Dkt. No. 81), the Court acknowledged that some courts have held the Graves Amendment permits negligent entrustment claims. The Court relied on Guinn, which held:

> although § 30106(a)(2) should be cautiously applied to avoid conflicting with the Graves Amendment's intent to preclude the vicarious liability of commercial vehicle lessors, it does not necessarily preempt a negligence entrustment claim asserted directly against the lessor, where the allegations and evidence are sufficient to satisfy the elements of that claim.

Guinn, No. CIV-09-1198-D, 2010 WL 4811042, at *6. The Tenth Circuit has not addressed this issue. In accordance with the precedent of this Court, the Court rejects Defendant's assertion that Plaintiff's negligent entrustment claims are barred and considers, instead, whether the evidence is sufficient to satisfy the elements of negligent entrustment as set forth in Oklahoma law.

An individual may be held liable for negligent entrustment when that "individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others." Pierce v. Okla. Prop. & Cas. Ins. Co., 1995 OK 78, ¶ 17, 901 P.2d 819, 823.

> Liability for negligent entrustment of a vehicle may be imposed only where the following elements are established: 1) a person who owns or has possession and control of an automobile allowed another driver to operate the automobile; 2) the person knew or reasonably should have known that the other driver was careless, reckless and incompetent; and 3) an injury was caused by the careless and reckless driving of the automobile.

Guinn, No. CIV-09-1198-D, 2010 WL 4811042, at *6 (citing Green v. Harris, 2003 OK 55, ¶ 23, 70 P.3d 866, 871)).

Defendant argues it cannot be held liable for negligently entrusting a vehicle to Best-1 because Best-1 only leased the trailer and was not involved in the lease of the tractor to Bedolla. Plaintiff argues the evidence shows Best-1 was involved in the lease of the tractor. Even assuming Best-1 was involved in Defendant's lease of the tractor to Bedolla, Plaintiff's claim that Vida negligently entrusted the vehicle to Best-1 cannot prevail as a matter of law. Plaintiff's argument rests on the assertion that Defendant knew or reasonably should have

11

known that Best-1 was incompetent because Best-1 had a "Conditional" safety rating. The Court already has held that a conditional safety rating is not sufficient, by itself, to support a claim that Best-1 was incompetent. (See Order, Dkt. No. 290, at 6-7.) Thus, the Court shall grant summary judgment in favor of Defendant on Plaintiff's claim that it negligently entrusted the tractor trailer to Best-1.

Defendant argues Plaintiff's claim that Vida negligently entrusted the tractor to Bedolla must fail as a matter of law because Defendant had no control over the vehicle at the time of the accident. The Oklahoma Supreme Court has rejected the argument that control of the vehicle at the time of the accident is needed to successfully prove a claim of negligent entrustment. Sheffer v. Carolina Forge Co., L.L.C., 2013 OK 48, ¶ 15, 306 P.3d 544, 549.

> "The rationale underlying imposition of negligent entrustment liability on suppliers of chattels is that one has a duty *not to supply* a chattel to another who is likely to misuse it in a manner causing unreasonable risk of physical harm".... Control at the time the automobile is supplied—the initial moment of entrustment—determines a supplier's negligence.

Id. (citation omitted).

Defendant also argues that Plaintiff's evidence cannot show Vida knew or should have known Bedolla was "incompetent, inexperienced, or had a propensity to misuse vehicles." (Def.'s Br., Dkt. No. 187, at 8.) Vida admits it reviewed Bedolla's driver file before leasing the tractor to Bedolla. (Pl.'s Resp., Dkt. No. 228, Ex. 1, at 23-24, 33-34 & 40-41.) The evidence shows Bedolla had two years of driving experience. (Id., Ex. 26, at 2.) Bedolla's experience was obtained at three different companies, and Best-1 was able to verify Bedolla's employment with only one of the three companies. (Id., Exs. 23-25.) That

12

company reported Bedolla had caused a non-recordable accident that Bedolla could have prevented. (Id., Ex. 23.) The Court finds this evidence is sufficient to raise a genuine dispute as to whether Vida knew or should have known Bedolla was "reckless, careless, or incompetent." Whether Vida negligently entrusted a vehicle to Bedolla is a question of fact for the jury to determine. See Green, 2003 OK 55, ¶ 10, 70 P.3d 866, 868-869 ("The question of negligent entrustment is one of fact for the jury."); see also Coker v. Moose, 1937 OK 67, ¶ 7, 68 P.2d 504, 505 ("The question of negligence is a question of fact.").

## IV. CONCLUSION

Accordingly, Defendant Vida Corporation's Motion for Summary Judgment (Dkt. No. 187) is hereby GRANTED IN PART and DENIED IN PART. The Court grants summary judgment in Defendant's favor on Plaintiff's claim that Defendant negligently entrusted a vehicle to Best-1. Summary judgment is, in all other respects, DENIED.

IT IS ORDERED this 7th day of January, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge